# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| The Board of Trustees of the Construction Industry and Laborers Health and Welfare Trust, et al., <br><br> Plaintiffs <br> v. <br><br> Emmanuel Environmental, Inc. and Romelle Emmanuel, <br><br> Defendants | Case No.: 2:23-cv-01704-JAD-MDC <br><br> [ECF No. 7] |
| The Board of Trustees of the Construction Industry and Laborers Health and Welfare Trust, et al., <br><br> Plaintiffs <br> v. <br><br> Emmanuel Environmental, Inc. and Romelle Emmanuel, <br><br> Defendants | Case No. 2:23-cv-01774-APG-MDC <br><br> [ECF No. 21] |

**Order Granting Plaintiffs' Motion to Consolidate Related Cases**

Plaintiffs, the boards of trustees for four multiemployer benefit trust funds, sue Romelle Emmanuel and his company, Emmanuel Environmental, Inc., in two separate suits after Emmanuel failed to contribute to the funds under the parties' collective bargaining agreement. In October 2023, plaintiffs filed their first action (2:23-cv-01704-JAD-MDC) to enforce a settlement agreement and consent judgment that required Emmanuel to pay for missed contributions in December 2022 and January 2023, but he again failed to do so.[1] After that lawsuit was filed, the plaintiffs completed an audit revealing that Emmanuel also had delinquent

---

[1] ECF No. 1 in Case No. 2:23-cv-01704-JAD-MDC.

fund contributions "stemming from work conducted in March 15, 2022, to December 31, 2022."[2] So plaintiffs filed a second lawsuit (2:23-cv-1774-APG-MDC) alleging that Emmanuel's failure to pay violated the Employee Retirement Income Security Act of 1974 (ERISA) and the parties' settlement agreement.[3]  Plaintiffs now move to consolidate these cases.  Emmanuel did not file a response.  Because consolidation is merited and will conserve judicial and litigation resources, we grant the motion and consolidate these cases for all purposes under the earlier-filed action.

       Federal Rule of Civil Procedure 42(a) governs the consolidation of separate actions. When two cases "involve a common question of law or fact," district courts may join them for any or all matters at issue, consolidate the suits, or issue any other order that would prevent unnecessary cost or delay.[4]  The threshold question is whether the cases involve common questions of law or fact.[5]  If common questions exist, the court must balance the savings of time and effort that consolidation will yield against any inconvenience, delay, confusion, or prejudice that may result.[6]  "District courts enjoy substantial discretion in deciding whether and to what extent to consolidate cases."[7]

       Plaintiffs have demonstrated that these cases involve common questions of law and fact and that their consolidation would be economical.  They arise from the same series of events (Emmanuel's alleged failure to contribute to the trust funds) and will involve largely duplicative

---

[2] ECF No. 1 at 3 in Case No. 2:23-cv-01774-APG-MDC.

[3] *Id.* at 3–4.

[4] Fed. R. Civ. P. 42(a).

[5] *Id.*

[6] *Huene v. United States*, 743 F.2d 703, 704 (9th Cir. 1984).

[7] *Hall v. Hall*, 138 S. Ct. 1118, 1131 (2018).

analysis.  So we find that consolidation is warranted.  IT IS THEREFORE ORDERED that the **motion for consolidation [ECF No. 7 in Case No. 2:23-cv-01704-JAD-MDC; ECF No. 21 in Case No. 2:23-cv-1774-APG-MDC] is GRANTED.  These actions are consolidated for all purposes under Case No. 2:23-cv-1704-JAD-MDC,** and before District Judge Jennifer A. Dorsey and Magistrate Judge Maximiliano D. Couvillier III.

_____
U.S. District Judge Jennifer A. Dorsey
June 5, 2024

_____
U.S. District Judge Andrew P. Gordon
June 5, 2024

3