UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Board of Trustees of the Construction Industry and Laborers Health and Welfare Trust; Board of Trustees of the Construction Industry and Laborers Joint Pension Trust; Board of Trustees of the Construction Industry and Laborers Vacation Trust; Board of Trustees of the Southern Nevada Laborers Local 872 Training Trust,<br><br>    Plaintiffs<br>v.<br><br>Emmanuel Environmental, Inc.; and Romelle Emmanuel,<br><br>    Defendants | Case No. 2:23-cv-01704-JAD-MDC<br><br>**Order Granting Motion for Attorneys' Fees**<br><br>ECF No. 24 |

Back in March, I entered judgment against Romelle Emmanuel and his company Emmanuel Environmental for the $90,653.84 they owed to the plaintiff employee-benefit plans under the Employee Retirement Income Security Act of 1974 ("ERISA").[1] The plaintiffs now move for an award of the $53,168 in attorneys' fees that they incurred litigating this case.[2] The motion is unopposed.

ERISA contains a fees-and-costs provision that requires the court to award a prevailing plan "reasonable attorney's fees and costs of the action . . . ."[3] The Ninth

---

[1] ECF Nos. 22, 23.

[2] ECF No. 24. Although the motion repeatedly refers to fees *and costs*, the billing records don't include any costs, and it does not appear that the calculations provided do either.

[3] 29 U.S.C. § 1132(g)(2); *Nw. Adm'rs, Inc. v. Albertson's, Inc.*, 104 F.3d 253, 257 (9th Cir. 1996) ("Section 1132(g)(2) is mandatory and not discretionary." (quoting *Operating*

1

Circuit has adopted a hybrid lodestar–multiplier approach for determining reasonable fees in ERISA cases.[4]  That "approach has two parts.  First, [the] court determines the 'lodestar' amount by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate" based on the evidence submitted.[5]  "Second, [the] court may adjust the lodestar upward or downward using a 'multiplier' based on factors not subsumed in the initial calculation of the lodestar."[6]  To further assist the court in this determination, this district's local rule 54-14 requires any application for attorneys' fees to include, as relevant here, an attorney affidavit, "[a] reasonable itemization and description of the work performed[,]" and "[a] brief summary" of 13 categories of information designed to elicit more information about the case and the work that the attorneys performed.[7]

      Counsel for the prevailing trust funds here seek incurred fees of $48,168, plus another $5,000 that they anticipate they'll bill for collection efforts.  I find that an award of the incurred $48,168 in fees is merited.  The lawyers calculate their fee request based entirely on the work performed at their discounted billing rates for ERISA cases, which I find to be commensurate with market rates in this jurisdiction, and they don't ask for a

---

*Eng'rs Pension Trust v. Beck Eng'g & Surveying, Co.*, 746 F.2d 557, 569 (9th Cir. 1984)).

[4] *Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000) (citing *Hensley v. Eckerhart*, 461 U.S. 424 (1983)).

[5] *Id.*

[6] *Id.*

[7] L.R. 54-14 (a)–(b).

lodestar multiplier.[8] Based on counsel's affidavit,[9] the billing records,[10] my review of the docket in this case, and my familiarity with the course of this action, I find that the hours worked and amounts billed are reasonable in light of the skill, experience, time, and labor required; the novelty and difficulty of the questions involved; the results obtained; and fee awards in similar cases. But I do not find that an award of anticipated fees of $5,000 is warranted because whether such fees will ultimately be expended is too speculative.

So **I grant the motion for attorneys' fees [ECF No. 24] in part and award the plaintiffs $48,168 in attorneys' fees.** The Clerk of Court is directed to **ENTER AN AMENDED JUDGMENT** that adds this fee award to the prior final judgment [ECF No. 22].

_____
U.S. District Judge Jennifer A. Dorsey
September 11, 2025

---

[8] *See* ECF No. 24-5 at 2.
[9] *Id.*
[10] ECF No. 24-4.